# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LINDA WHITE,

    Plaintiff,

v.                                                 Case No. 8:08-cv-1194-T-30TBM

AETNA LIFE INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Aetna Life Insurance Company's Motion to Dismiss (Dkt. 9) and Plaintiff's Memorandum of Law in opposition to the same (Dkt. 10). The Court, having reviewed the motion, response, and supporting memoranda, and being otherwise fully advised in the premises, determines the motion should be denied.

## Background

In her Complaint, Plaintiff Linda White ("Plaintiff" or "White") seeks relief under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* Plaintiff claims she was a participant in the *Bausch & Lomb Disability Benefits Plan*, sponsored by Bausch & Lomb, Inc. (the "Plan"). Plaintiff alleges Defendant Aetna Life Insurance Company ("Aetna" or "Defendant") was the Plan Administrator of the Plan and/or the fiduciary responsible for making short and long-term benefits determinations under the plan.

Plaintiff's Complaint includes claims arising from the alleged wrongful denial of her short-term (Count I) and long-term (Count II) benefits under the Plan. According to White, she initially made a claim for short-term disability benefits under the Plan. Aetna determined she was disabled and paid her short-term disability benefits until November 13, 2006. At that time, Aetna determined she did not fit the Plan's definition of disability and refused to continue her short-term disability benefits. On or about November 28, 2007, White submitted an application for long-term disability benefits to Aetna. Aetna has failed to provide any decision regarding her claim for long-term disability benefits.

Aetna moves for dismissal of Plaintiff's claims on the basis that Aetna was merely a claims administer of the Plan and did not have the final authority to approve or reverse the denial of her benefits. According to Aetna, Bausch & Lomb had the final authority to approve or reverse a denial of short-term benefits and Highmark Life Insurance Company (now HM Life Insurance Company) had final decision making authority with respect to long-term disability benefits.

The Plan identifies "Aetna/Broadspire" as the plan administrator for short-term disability claims and Highmark as the plan administrator for long-term disability claims. (Dkt. 1-2 at p. 4-3). Broadspire was Aetna's predecessor-in-interest. The Plan requires Aetna/Broadspire to make determinations regarding initial short-term disability requests. *Id.* at 4-19. Secondary requests are to be decided by Bausch and Lomb's Director of Corporate Benefits and/or an internal review committee. The Plan further provides that "Broadspire is the claims administrator for the self-funded short-term disability plan and will determine

the amount of benefits to which claimant is entitled in accordance with the provisions of the short-term disability plan," and that "[l]ong term disability benefits are funded through an insurance contract plan/account with Highmark Insurance Company." *Id.* at 20. Appeals regarding long-term disability benefits "are at the sole discretion of Highmark." *Id.* at 19.

**Motion to Dismiss Standard Under 12(b)(6)**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Court. at 1959.

**Discussion**

Aetna argues ERISA does not authorize suits against non-fiduciary claims administrators. Aetna cites *Baker v. Big Star Division of the Grand Union Company*, 893 F.2d 288 (11th Cir. 1990) in support of its position. In *Baker*, the Eleventh Circuit recognized ERISA does not regulate the duties of non-fiduciary plan administrators, and that "a plan administrator who merely performs claims processing, investigatory, and record keeping duties is not a fiduciary." *Id.* at 289-90 (additional citations omitted). According to the court, "[a]n insurance company does not become an ERISA 'fiduciary' simply by performing administrative functions and claims processing within a framework of rules established by an employer . . . especially if, as in this case, the claims processor has not been granted the authority to review benefits denials and make the ultimate decision regarding eligibility." *Id.* at 290.

In *Hamilton v. Allen-Bradley Co., Inc.*, 244 F.3d 819, 824 (11th Cir. 2001), cited by Plaintiff, the Eleventh Circuit discussed the following:

> ERISA provides that a "civil action may be brought by a participant or beneficiary ... to recover benefits due ... under the terms of [the] plan." *See* 29 U.S.C. § 1132(a)(1)(B). In the Eleventh Circuit, this section confers a right to sue the plan administrator for recovery of benefits. *See Rosen v. TRW, Inc.,* 979 F.2d 191, 193-94 (11th Cir.1992). Therefore, if the employer is administering the plan, then it can be held liable for ERISA violations. *See id.* at 193-94. Proof of who is the plan administrator may come from the plan document, but can also come from the factual circumstances surrounding the administration of the plan, even if these factual circumstances contradict the designation in the plan document. *See id.* at 193.

Plaintiff has alleged Aetna is the plan administrator. Moreover, despite the designations in the Plan documents, Plaintiff has sufficiently alleged that Aetna was a plan administrator that controlled the decision-making process (both for her short-term and long-term disability claims).

The Court notes that the *Baker* decision involved the review of a district court's entry of summary judgment. *Id.* 893 F.2d at 289. Unlike in *Baker*, before this Court is a motion to dismiss. The Court must thus accept Plaintiff's factual allegations as true. Under *Hamilton*, Plaintiff is entitled to conduct discovery in an attempt to prove her allegations. Aetna's motion is premature and should therefore be dismissed. Aetna may, however, again raise the issue in a motion for summary judgment.

It is therefore ORDERED AND ADJUDGED that Defendant Aetna Life Insurance Company's Motion to Dismiss (Dkt. 9) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on April 1, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-1194.mtd.frm